**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In Re: ) | |
| ) | Case No. 17-51442 |
| Lisa V. Elwell, ) | |
| ) | Chapter 13 |
| Debtor. ) | |
| ) | ECF Nos. 103, 114 |

**MEMORANDUM AND ORDER GRANTING**
**MOTION TO DISMISS AND DENYING MOTION TO CONVERT**

**I.     Introduction**

On November 30, 2017, Lisa V. Elwell (the "Debtor") filed a Chapter 13 petition and a Chapter 13 Plan. The Debtor's Chapter 13 Plan, and all amendments to the Plan, proposes to pay JP Morgan Chase, N.A. ("JP Morgan") a debt that has been due to JP Morgan for more than nine years.

On September 11, 2019, the Debtor filed a Fifth Amended Chapter 13 Plan. On November 13, 2019, JP Morgan filed a Motion to Dismiss case for failure to present a feasible Chapter 13 Plan (the "Motion to Dismiss"). ECF No. 103. On December 5, 2019, the Debtor filed an Objection to the Motion to Dismiss (the "Objection to the Motion to Dismiss"). On December 12, 2019, a hearing was held on the Motion to Dismiss and the Objection to the Motion to Dismiss. At the conclusion of the hearing, the Court took the matter under advisement.

After the hearing on the Motion to Dismiss, the Debtor filed a Motion to Convert Chapter 13 Case to Chapter 11 (the "Motion to Convert"). ECF No. 114. JP Morgan filed an Objection to the Motion to Convert (the "Objection to the Motion to Convert"). A hearing on the Motion

to Convert and the Objection to the Motion to Convert was held on February 11, 2020. ECF No. 119. At the conclusion of that hearing, the Court took the matter under advisement.

Having considered the Motion to Dismiss, the Objection to the Motion to Dismiss, the Motion to Convert, the Objection to the Motion to Convert, and the arguments advanced by the parties at hearings held in this case, the Motion to Dismiss is GRANTED and the Motion to Convert is DENIED.

## II.    Discussion

To determine if the Motion to Dismiss or the Motion to Convert should be granted, the Court reviewed the applicable sections of the Bankruptcy Code—11 U.S.C. §§ 1307(c) and 1307(d).

Section 1307(c) of the Bankruptcy Code provides:

> Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court *may convert* a case under this chapter to a case under chapter 7 of this title, or *may dismiss* a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including–
> (1) unreasonable delay by the debtor that is prejudicial to creditors[.]

11 U.S.C. § 1307(c)(3) (emphasis added).

Section 1307(d), on the other hand, provides:

> Except as provided in subsection (f) of this section, at any time before the confirmation of a plan under section 1325 of this title, on request of a party in interest or the United States trustee and after notice and a hearing, the court *may convert* a case under this chapter to a case under chapter 11 or 12 of this title.

11 U.S.C. § 1307(d) (emphasis added).

Dismissal under section 1307(c) is appropriate in this case. A debtor's inability to confirm a Chapter 13 plan for an extended period of time has been found to be unreasonable delay that is prejudicial to creditors justifying dismissal under section 1307(c). *In re Addams*, 564 B.R. 458, 466-67 (Bankr. E.D.N.Y. 2017) (finding unreasonable delay where a debtor had

not confirmed a Chapter 13 plan within 15 months).  Here, the Debtor has amended her Chapter 13 Plan five times over two years, yet has not succeeded in confirming a Plan.  The Objection to the Motion to Dismiss admits that the "only matter critical to confirmation is the allowance or disallowance of the claim of [JP Morgan] Chase." ECF. No. 111 at *6.  JP Morgan's claim, however, is the subject of an adversary proceeding that has been pending for more than one year.  That adversary proceeding was removed to the United States District Court for the District of Connecticut.  The District Court issued a decision in favor of JP Morgan which is currently on appeal before the United States Court of Appeals for the Second Circuit.  *Id.*  The Objection to the Motion to Dismiss argues that the matter before the Second Circuit would be ripe for decision by the end of December 2019.  *Id.* at 6-7.  However, the Second Circuit has not yet decided the matter.  In fact, during the February 11th hearing, the Debtor stated on the record that the Second Circuit has scheduled oral argument for March 16, 2020.  Further indefinite delay in confirming a Chapter 13 plan is unreasonable and prejudicial to JP Morgan.  On the other hand, the Debtor is not prejudiced by dismissal because she can file another bankruptcy case in the future.

      Dismissal is more appropriate than conversion in this case.  Conversion of a Chapter 13 case to Chapter 11 is at the discretion of the Court.  *See* 11 U.S.C. § 1307(d); *see also* 8 *Collier on Bankruptcy*, ¶ 1307.05[1], p. 1307-24 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.).  The standard for converting a case under section 1307(c) is different from the standard under section 1307(d). Chapter 13 is wholly voluntary and a debtor has a non-waivable right to convert to Chapter 7 under section 1307(c).  *Harris v. Viegelahn*, 135 S. Ct. 1829, 1835 (2015) (holding debtor has a non-waivable right to convert a Chapter 13 case to Chapter 7).  However, a debtor does not have an absolute right under section 1307(d) to convert a Chapter 13 case to

Chapter 11. *In re Plagakis*, No. 03cv0728(SJ), 2004 WL 203090, at *5 (E.D.N.Y. Jan. 27, 2004); *In re Hanson*, 282 B.R. 240, 246 (Bankr. D. Colo. 2002) (holding conversion of a Chapter 13 case to a Chapter 11 case is not a matter of right).

When a debtor seeks to convert a Chapter 13 case to Chapter 11, a court should consider factors such as whether the debtor 1) filed the initial bankruptcy petition and sought to convert in good faith, 2) is able to effectuate a plan, and 3) has caused prejudicial delay to creditors. *In re Ruffin*, No. 09-04835-JW, 2009 WL 7231291, at *2 (Bankr. D. S.C. November 12, 2009) (citing *In re Plagakis*, 2004 WL 203090, at *5 and *In re Anderson*, 165 B.R. 445, 448-49 (S.D. Ind. 1994)). Courts have applied these factors to deny motions to convert from Chapter 13 to Chapter 11 under section 1307(d). *See In re Plagakis*, 2004 WL 203090, at *5-6 (sustaining bankruptcy court decision denying a section 1307(d) motion to convert and granting dismissal under section 1307(c) *nunc pro tunc* for bad faith); *In re Anderson*, 165 B.R. at 449 (sustaining bankruptcy court decision denying a section 1307(d) motion to convert for inability to effectuate a Chapter 11 plan); *In re Funk*, 146 B.R. 118, 122-124 (D. N.J. 1992) (sustaining bankruptcy court decision denying a section 1307(d) motion to convert for bad faith and inability to effectuate a plan); *In re Calascibetta*, No. 19-20558-PRW, 2020 WL 260992 (Bankr. W.D.N.Y. Jan. 16, 2020) (denying a debtor's section 1307(d) motion to convert and converting case to Chapter 7 under 1307(c)); *In re Tornheim*, 181 B.R. 161, 169 (Bankr. S.D.N.Y. 1995) (denying *pro se* debtor's 1307(d) motion to convert as patently insufficient); *but see In re Lester*, 409 B.R. 364, 373 (Bankr. W.D. Va. 2009) (finding conversion solely motivated by desire to obtain debtor in possession status is not sufficient cause to deny a section 1307(d) motion to convert). A motion to convert under section 1307(d) may also be denied and a case dismissed under section 1307(c) where the proposed plan is predicated on the outcome of litigation that remains pending because the

feasibility of such a plan is speculative and protracted. *See In re Acevedo*, No. 12-12393-JNF, 2014 WL 1664255, at * 3-4 (Bankr. D. Mass. April 24, 2014).

The record in this case does not demonstrate that the Debtor is seeking to convert her case in good faith. The Debtor filed the Motion to Convert only after JP Morgan filed the Motion to Dismiss. The timing and sequence of the filing of the Motion to Convert indicates that the Debtor sought conversion to defeat JP Morgan's Motion to Dismiss. The Debtor is not able to show that she can confirm a Chapter 11 Plan because after more than two years of attempting to do so in Chapter 13, she has not been able to confirm a Chapter 13 Plan. The Debtor's inability to confirm a Chapter 13 Plan has caused delay which is prejudicial to JP Morgan and such delay would continue in Chapter 11.

Therefore, it is hereby

**ORDERED**: The Motion to Dismiss, ECF No. 103, is GRANTED; and it is further

**ORDERED**: The Motion to Convert, ECF No. 114, is DENIED.

Dated at Bridgeport, Connecticut this 14th day of February, 2020.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut